Filed 8/18/21  P. v. Meza CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEANNIE MEZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B310167<br>(Super. Ct. No. NA107879)<br>(Los Angeles County) |

   In 2018, appellant Jeannie Meza pled no contest to a charge of burglary.  (Pen. Code, § 459.)[1]  She also admitted a 2010 conviction for burglary as a prior serious felony conviction and "strike."  (§§ 667, subd. (a)(1), 1170.12.)  The trial court sentenced her to state prison for nine years, doubling the two-year lower term for the offense, enhanced by five years for the prior serious felony conviction.

---

   [1] All statutory references are to the Penal Code.

In 2020, appellant filed a habeas corpus petition to modify her sentence pursuant to (1) Senate Bill 1393 (SB 1393), which, effective January 1, 2019, allowed a court the discretion to strike a prior serious felony conviction enhancement, and (2) Assembly Bill 1618 and section 1016.8, which, effective January 1, 2020, provide that future changes in sentencing provisions cannot be denied to persons who plead guilty. The trial court denied appellant's habeas petition.

Appellant then wrote to the judge who sentenced her and asked that her sentence be modified under SB 1393. The court treated the letter as a petition for resentencing and denied her request. It determined appellant was not entitled to SB 1393 relief because her "case is final" and further stated: "[E]ven if this Court had the discretion to modify the sentence it would not elect to do so; the original sentence was appropriate and just based on the facts and circumstances of the case." Appellant filed a notice of appeal from the denial.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief which raises no arguable issues. We advised appellant she had 30 days within which to personally submit any contentions or issues that she wished us to consider. She subsequently filed a two-page handwritten supplemental brief.

Because this is an appeal from an order denying postconviction relief, appellant is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) We do, however, consider the issues raised in appellant's supplemental brief. (*Cole,* at p. 1040 [Court is

2

"required to evaluate any arguments presented in [the supplemental] brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)"].)

Appellant asks us to strike the five-year prior serious conviction enhancement (§ 667, subd. (a)(1)). She cites what she believes are misstatements in the probation report and asserts that a victim who testified at the preliminary hearing did not identify her as one of perpetrators. Not only is the relevance of this information unclear, but appellant also has failed to demonstrate that we have authority to strike the enhancement or that the trial court abused its discretion by declining to do so.

The December 7, 2020 order denying appellant's petition for resentencing is affirmed.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

3

Gary J. Ferrari, Judge
Superior Court County of Los Angeles

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.